NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

STATE OF ARIZONA, ex rel. D.E.S., (DENNISE SOLANO),
*Petitioners/Appellants*,

*v.*

MARCELINO ZAMORA FELIX, JR., *Respondent/Appellee*.

No. 1 CA-CV 25-0851 FC

FILED 07-10-2026

Appeal from the Superior Court in Yuma County
No. S1400DO201800147
The Honorable Levi Gunderson, Judge Pro Tem.

**AFFIRMED**

COUNSEL

Dennise Solano, Yuma
*Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew J. Becke and Judge Samuel A. Thumma joined.

---

**M O R S E**, Judge:

¶1      Dennise Solano ("Mother") appeals the court's denial of her motion to modify parenting time and motion for reconsideration. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2      Mother and Marcelino Zamora Felix Jr. ("Father") have one child in common ("Child"), born in 2017. In 2018, the court ordered joint legal decision-making with Mother having final legal decision-making authority if the parties cannot agree. The court also ordered "essentially-equal parenting time" with a one-week-on, one-week-off schedule and Father to pay child support. In December 2019, the court eliminated Father's child-support obligation.

¶3      In July 2024, the court granted Father an ex parte order of protection against Mother, and, after a contested hearing, the court affirmed the order.

¶4      Mother filed a petition to modify parenting time in October 2024 and amended that petition in April 2025. Mother alleged that Child had to sleep on the floor at Father's house, Father did not reliably administer Child's medication, and Father failed to meet Child's hygienic needs. Mother also alleged that Father regularly left Child in Father's wife's care, despite Mother previously obtaining an order of protection against Father's wife arising from a later-dismissed disorderly-conduct charge. Mother contended that Child had unexplained bruises after being in Father's custody and feared staying with Father. Mother requested the court modify the parenting-time plan by granting her "first right of refusal," limiting Father's parenting time to alternate weekends from 9:00 a.m. to 7:00 p.m., and adjust Father's child-support obligation in its discretion. Father responded arguing that Mother's claims were fabricated and requested the court award him sole legal decision-making authority and majority parenting time based on Mother's disruptions.

**¶5** In August 2025, with Father's approval, the court modified the protective order against Mother to allow the parties to "communicate via electronic means . . . regarding [Child] only."

**¶6** In September 2025, after a contested evidentiary hearing, the court found no change in circumstances to justify a change in parenting time or legal decision-making. The court affirmed the original parenting-time plan and legal decision-making order, only removing a provision that guaranteed the parties an hour of electronic communication per day with Child while in the physical care of the other parent. The court found that Mother had committed domestic violence against Father, but she successfully rebutted the presumption against joint legal decision-making.

**¶7** Mother moved for reconsideration citing the rule for a motion to alter or amend a judgment. *See* Ariz. R. Fam. L. P. 35.1, 83. Mother argued the court misinterpreted the evidence, erred in finding Father was more likely to allow Child meaningful and consistent contact with the other parent, and failed to consider Father's repeated failures to facilitate Child's mental-health needs. The court denied the motion under both rules.

**¶8** Mother timely appealed and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶9** Father did not file an answering brief. If an appellant raises a debatable issue, an appellee's failure to respond is generally treated as a confession of reversible error, *see Savord v. Morton,* 235 Ariz. 256, 259, ¶ 9 (App. 2014), unless the case involves a child's best interests, *see Hays v. Gama,* 205 Ariz. 99, 102, ¶ 18 (2003); *Hoffman v. Hoffman,* 4 Ariz. App. 83, 85 (1966). An issue is not debatable if the record resolves the question raised. *See, e.g., Air E., Inc. v. Wheatley,* 14 Ariz. App. 290, 294 (1971); *Honsey v. Honsey,* 126 Ariz. 336, 337 (App. 1980). Because Mother does not raise any debatable issues, and the best interests of a child are at issue, we do not apply implied confession of error.

**¶10** We review the court's decision on a petition to modify parenting time for an abuse of discretion. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018). We view the record in the light most favorable to sustaining the court's rulings, and we will affirm "if there is any reasonable supporting evidence." *Garlan v. Garlan*, 249 Ariz. 278, 280–81, ¶ 4 (App. 2020).

¶11　　　　There is no transcript of the hearing. Mother must ensure the record on appeal contains the transcripts necessary for this Court to consider the issues. *See* ARCAP 11(c)(1); *State ex rel. Dep't of Econ. Sec. v. Burton,* 205 Ariz. 27, 30, ¶ 16 (App. 2003). When such transcripts are not included, "we assume the missing portions of the record would support the trial court's findings and conclusions." *Burton*, 205 Ariz. at 30, ¶ 16.

¶12　　　　Mother argues the court abused its discretion by misreporting the record and erroneously faulted her for the parties' communication and co-parenting issues despite her evidence to the contrary. The court found "Father is more likely than Mother to allow [Child] frequent, meaningful, and continuing contact with the other parent." The court also found very poor communication between the parties and that, while both parties were at fault, Mother bore more of the blame. Given this conflicting evidence, we defer to the court's determination of the weight to give such evidence and presume the missing record would support the court's findings. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347–48, ¶ 13 (App. 1998); ARCAP 11(c); *Burton,* 205 Ariz. at 30 ¶ 16.

¶13　　　　Second, Mother argues the court failed to analyze Child's mental-health needs meaningfully in its best-interests analysis. The court found that Child had been diagnosed with mental-health issues and was currently prescribed three medications. The court concluded Mother was more likely than Father to ensure that Child's mental-health needs were met and maintained her final legal decision-making authority, adding a provision ordering both parents "to ensure that [Child] takes his prescribed medication." The court did make a best-interest finding about Child's mental-health needs and Mother does not show how the court erred in its analysis.

¶14　　　　Third, Mother argues that the court ignored evidence of Father's failure to provide medical care, maintain Child's hygiene, and coordinate appointments. The court explicitly found Mother was more likely than Father to help Child receive proper care with regards to his mental and physical health, including ensuring he takes his prescribed medication and attends his various appointments. And without the transcript, we presume the evidence and arguments at the hearing would support the court's findings, *Burton*, 205 Ariz. at 30, ¶ 16, and "[w]e presume that after admitting . . . evidence, the trial court considered it," *Able Distrib. Co., Inc. v. James Lampe, Gen. Contractor*, 160 Ariz. 399, 409 (App. 1989).

¶15　　　　Last, Mother argues the court failed to consider Child's safety and stability regarding Mother's dismissed no-contact order against

Father's wife, Child's unexplained bruises, and Child's apprehension about staying with Father. Again, we presume the court considered the evidence and the missing record would support the court's findings. *See Burton,* 205 Ariz. at 30, ¶ 16; *Able Distrib. Co., Inc.*, 160 Ariz. at 409 (App. 1989). Mother points to no error.

**¶16** Mother also contends that, based on the original (but later dismissed) no-contact order against Father's wife, Child's bruising, and Child's expressions of fear, the court had to perform an analysis under A.R.S. § 25-403.03 but failed to do so. At the time the court entered its order, A.R.S. § 25-403.03 provided that "joint legal decision-making shall not be awarded if the court makes a finding of the existence of significant domestic violence . . . ." In fact, the court performed this analysis. The court found "[b]ecause an order of protection was upheld against Mother, following a contested hearing . . . Mother has committed domestic violence against Father, pursuant to A.R.S. § 25-403[.03](D)(3)." The court then considered the factors in A.R.S. § 25-403.03(E) and found "that Mother had rebutted the presumption that an award of joint legal decision-making is contrary to [Child]'s best interests," and awarding Mother parenting time would not endanger Child's development. However, the court found that it was in Child's best interest to eliminate electronic communication between the parties about Child because "the parties communicate so poorly with each other . . . ." We presume the record supports this finding and Mother points to no other error. *See Burton*, 205 Ariz. at 30, ¶ 16.

**¶17** Father, as the successful party, is entitled to recover costs upon compliance with ARCAP 21. *See* A.R.S. § 12-341.

## CONCLUSION

**¶18** We affirm.



MATTHEW J. MARTIN • **Clerk of the Court**
**FILED**:            JR